# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7399 | **DATE** | 4/10/2003 |
| **CASE TITLE** | STEFANIE NEUMAN vs. SUPERIOR JAMESTOWN CORPORATION | | |

**MOTION:**   [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐   Filed motion of [ use listing in "Motion" box above.]

(2) ☐   Brief in support of motion due _____.

(3) ☐   Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐   Ruling/Hearing on _____ set for _____ at _____.

(5) ☐   Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐   Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐   Trial[set for/re-set for] on _____ at _____.

(8) ☐   [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐   This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■   [Other docket entry]   Enter Memorandum Opinion And Order. SJC's motion to dismiss is denied. SJC's motion for partial summary judgment is granted in part and denied in part. SJC's motion for partial summary judgment is denied as to paragraph 20c of count I. SJC's motion for partial summary judgment as to paragraphs 20d and 20e of count II is granted. Status hearing is set for 4/24/03 at 9:00 a.m.

(11) ☐   [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | APR date docketed 2003 | | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | 23 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | | |
| | Copy to judge/magistrate judge. | | APR 1 1 2003 date mailed notice | | |
| LG | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEFANIE NEUMAN,                                )
                                                )
       Plaintiff,                            )
                                                )
                                                )     No. 02 CV 7399
     v.                                       )
                                                )     Judge John W. Darrah
SUPERIOR JAMESTOWN CORPORATION,                 )
                                                )
       Defendant.                            )

**DOCKETED**

APR 1 1 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, Stefanie Neuman ("Neuman"), brought suit against Defendant, Superior Jamestown

Corporation ("SJC"), alleging violations of the Illinois Wage Payment and Collection Act, breach

of contract, unjust enrichment, and fraud. Presently before the Court are SJC's Motion to Dismiss

Counts III and IV of Plaintiff's Complaint (alleging unjust enrichment and fraud) for failure to state

a claim upon which relief can be granted and Motion for Partial Summary Judgment on Counts I and

II (alleging violations of the Illinois statute and breach of contract).

### Motion to Dismiss

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted,

the court considers all facts alleged in the light most favorable to the plaintiff. *Marshall-Mosby v.*

*Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal may only be allowed if

the plaintiff could show no set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S.

41, 45-46 (1957). However, a plaintiff can plead herself out of court by alleging facts showing there

is no viable claim. *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 669-70 & n. 14 (7th Cir.1998),

*cert. denied*, 525 U.S. 1114 (1999); *Whirlpool Financial Corp. v. GN Holdings, Inc.*, 67 F.3d 605,



608 (7th Cir.1995).

For the purposes of this Motion to Dismiss, the following allegations are taken as true.

Plaintiff Neuman is a citizen of Illinois. Defendant SJC is a New York corporation that produces and installs custom metalwork and architectural wall systems.

On or about February 8, 2002, Neuman and SJC entered into a contract, which provided, *inter alia*: that Neuman would become a salesperson for SJC's Chicago territory; that SJC would pay her an annual salary of $36,000; that SJC would pay her commissions on sales in the Chicago area in amounts ranging from 2.5 percent to 5 percent (depending upon job profitability) of sales revenue received; and that Neuman would split these commissions with her supervisor, Bevin Connell ("Connell"), SJC's vice president.

Neuman began her employment with SJC on February 18, 2002. She diligently and successfully pursued sales on behalf of SJC. When she was hired, SJC had only one sales lead; but, by the end of August 2002, SJC's Chicago territory had won orders for five further projects ("pending orders") substantially as a result of Neuman's efforts.

On or about August 1, 2002, Neuman heard that SJC was experiencing financial problems and considering layoffs. Out of concern for her job security, she discussed the matter with Connell, who assured her that SJC would provide her with ample notice of any layoff.

Because of the volume of pending orders, SJC became concerned about the amount of commissions it would owe Neuman as a result, an estimated $62,500. Therefore, in August 2002, SJC proposed a new commission structure, which provided, *inter alia*, that SJC would not pay Neuman any commission on a project unless SJC achieved at least a 10 percent profit. In an attempt to induce Neuman to accept the new proposal, Connell told her that all of the pending orders would

easily achieve at least a 10 percent profit. Nonetheless, Neuman did not sign the new proposal.

When Neuman arrived at work at her usual time on September 6, 2002, she found herself locked out of her office. When Connell subsequently arrived, she informed Neuman that Neuman was being laid off that day and that she should leave behind any company information, especially the new opportunities folder.

Despite repeated requests, SJC has failed and refused to pay Neuman for earned salary and accrued vacation. SJC has also informed her that it will not pay any commissions to her for the pending orders.

Defendant SJC seeks to dismiss Count III of Plaintiff's Complaint, which alleges unjust enrichment. Such "quasi-contractual" relief is available in the absence of a definite agreement between the parties. *Otto Real Estate, Inc. v. Shelter Investments*, 506 N.E.2d 351, 353 (Ill. App. Ct. 1987). However, where there is a specific contract which governs the relationship between the parties, the doctrine of unjust enrichment cannot be applied. *LaThrop v. Bell Fed. Sav. & Loan Assoc.*, 370 N.E.2d 188, 195 (Ill. 1977).

SJC points to the contract attached to Plaintiff's Complaint as evidence that a definite agreement exists and argues that her unjust enrichment claim should, therefore, be dismissed. However, SJC does not concede that a definite agreement exists between the parties. SJC has denied the material allegations of Neuman's Complaint. A party may plead alternate, inconsistent theories in a complaint. *See* Fed. R. Civ. P. 8(e)(2); *Servpro Indust., Inc. v. Schmidt*, 905 F. Supp. 475, 481 (N.D. Ill. 1995). Accordingly, at this stage of litigation, Neuman's claim for unjust enrichment cannot be dismissed. SJC's Motion to Dismiss Count III is denied.

Defendant SJC also seeks to dismiss Count IV (mistakenly labeled in Plaintiff's Complaint

3

as a second Count III), which alleges fraud, for failure to state a claim upon which relief can be granted.

First, SJC contends that the fraud claim has not been pled with sufficient specificity. A claim for fraud must state specifically the circumstances constituting fraud. Fed. R. Civ. P. 9(b). The primary purposes of this requirement are to protect the defendant's reputation, minimize "fishing expeditions," and provide the defendant with adequate notice. *Vicom Inc, v. Harbridge Merchant Servs.*, 20 F.3d 771, 777 (7th Cir. 1994).

Here, Neuman identifies precisely the alleged behavior supporting her fraud claim: She claims that on or about August 1, 2002, Connell told her that SJC would provide her with "ample notice" of any layoff; that SJC knew at that time that it had no intention of providing her with such notice; and that SJC made the representation in order to encourage her to advance the progress of the pending orders for approximately $2.5 million. These allegations are more than sufficient to satisfy the requirements of Rule 9(b). There is no danger of the sort of harm to reputation caused by non-specific fraud claims; this is clearly not a "fishing expedition"; and SJC can see very well the precise claims that are being asserted against it. Thus, SJC's Rule 9(b) argument will not support a motion to dismiss Count IV.

SJC also argues that Count IV fails to state a claim upon which relief can be granted because it is ostensibly based on a contractual promise of future performance. An alleged breach of promise will not, in itself, support a fraud claim. However, a breach of promise may be used to show that the promise was itself part of a scheme to defraud; and, under such circumstances, a claim for fraud is permitted. *Luttrell v. Wyatt*, 137 N.E. 95, 97-98 (Ill. 1922). While it is not clear from the alleged facts that Neuman has shown such a scheme to defraud, all that is relevant at this stage of the

4

proceedings is that she *could* prove facts to show this. Thus, a motion to dismiss on this ground is also denied.

Finally, SJC argues that Count IV should be dismissed because it seeks attorney's fees and prejudgment interest, which SJC argues are unavailable as remedies for such a claim. In Illinois, plaintiffs bringing common law fraud actions may seek attorney's fees. *Father & Sons v. Taylor*, 703 N.E.2d 532, 537 (Ill. App. Ct. 1998). Prejudgment interest is also available in Illinois as an equitable remedy. *In re Estate of Wernick*, 535 N.E.2d 876, 888 (Ill. 1989). Therefore, dismissal on this ground is unwarranted.

Because none of the arguments put forth by SJC supports dismissal of Count IV, its Motion to Dismiss Count IV is denied.

### Motion for Partial Summary Judgment

Summary judgment is appropriate when "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the court considers all facts presented in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

SJC moves first for partial summary judgment as to Count I of Plaintiff's Complaint, regarding the underlying amount. In her complaint, Neuman demanded a total of $1,996.13 in earned salary and accrued vacation under the Illinois Wage Payment and Collection Act. Later, she offered to accept $1,644.00 for all unpaid salary and accrued vacation. Neuman subsequently received two checks from SJC: one for the net amount of $976.74 (based upon a gross amount of $1,315.58) and another, dated November 19, 2002, for $527.78 (based upon a gross amount of $650.77). The total gross amount of the two payments was $1,966.35. The latter check stated on

its reverse side: "In full and final satisfaction of any claims brought under the Illinois Wage Payment and Collection Act." Neuman refused to sign the latter check, but only because of the waiver language, which she believed would prevent her from pursuing the attorney's fees to which she is allegedly entitled under the statute. Upon being informed of Neuman's refusal to endorse the check, and her reasons therefore, SJC agreed to modify the endorsement to read: "In full and final satisfaction of any claims for salary and accrued vacation brought under the Illinois Wage Payment and Collection Act." SJC specifically agreed that the modified endorsement "would not release any claim [Neuman] has for alleged attorney's fees for prosecuting Count I." Neuman has stated that she is "considering whether to cash the check based on this new proposal."

The facts above show that SJC has attempted to satisfy Neuman's claims for salary and accrued vacation brought under the Illinois Wage Payment and Collection Act: she asked for $1,996.13 – and later for just $1,644.00 – and was paid a gross amount of $1,966.35. However, Neuman insisted that she would not accept the payment "unless the release was eliminated or properly modified." Neuman has not endorsed the check because she disagrees with the release language on the reverse of the check. Accordingly, Neuman's Illinois Wage Payment and Collection Act claim remains outstanding, and summary judgment is improper. Partial summary judgment as to Paragraph 20c of Count I is denied.

SJC also moves for partial summary judgment as to Paragraph 20d of Count II, regarding Neuman's demand for severance pay. Neuman's contract states: "If in the unlikely event that your employment should be terminated for reasons other than performance, Superior Jamestown Corporation agrees to pay you severance in the amount of one-week average base pay for each full year of service." Neuman, who worked for SJC from February 18, 2002, until September 6, 2002,

argues that this contract language is ambiguous and that she believed this language to mean that she would receive *pro rata* severance payment for part of each year worked. Accordingly, she has demanded a *pro rata* portion of the severance pay set forth in the contract.

Where the language of a contract is unambiguous, the court must construe the contract according to the plain meaning of its language. Contract language is not rendered ambiguous simply because the parties do not agree upon its meaning. *Grandview v. Springfield*, 461 N.E.2d 1031, 1034 (Ill. App. Ct. 1984). Despite Neuman's assertions to the contrary, the language of the contract here is not ambiguous. As SJC points out, the contract states clearly that severance pay will be paid for each "full year" of service and does not provide for any *pro rata* payments for partial years worked. Neuman does not contend that she worked for SJC for a full year. Thus, she is not owed any severance pay under her contract with SJC. Summary judgment as to the breach of contract alleged in Paragraph 20d of Count II is, therefore, granted in favor of SJC.

SJC also seeks partial summary judgment as to Paragraph 20e of Count II, regarding Neuman's claim that she was contractually entitled to notice before being laid off. According to Neuman, Connell told Neuman, on or about August 1, 2002, that she would be given "ample notice" of any layoff from her job. Neuman contends that this promise created a new contract between the parties or, in the alternative, modified their original contract. SJC denies that any such statement was ever made by Connell.

Because there is disagreement over what was said between Neuman and Connell, SJC here disputes a "genuine issue of material fact", which is not appropriate for resolution in a summary judgment.

However, SJC further argues that even if one assumes *arguendo* that such an agreement was

made, the term "ample notice" is too vague as a matter of law to support an oral contract. Under Illinois law, oral employment contracts are viewed more skeptically than written ones. To be enforceable, an oral contract must contain terms that are definite and certain. *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996); *Trittipo v. O'Brien*, 561 N.E.2d 1201, 1207 (Ill. App. Ct. 1990). The term "ample" as used in the alleged agreement here has no certain or definite meaning. Therefore, the alleged oral contract, or oral modification of the written contract, between SJC and Neuman is invalid and unenforceable as a matter of law, even if it was made. Summary judgment is, therefore, granted in favor of SJC as to the breach of contract alleged in Paragraph 20e of Count II of Plaintiff's Complaint.

For the reasons stated above, SJC's Motion to Dismiss is denied. SJC's Motion for Partial Summary Judgment is granted in part and denied in part. SJC's Motion for Partial Summary Judgment is denied as to Paragraph 20c of Count I. SJC's Motion for Partial Summary Judgment as to Paragraphs 20d and 20e of Count II is granted.

Dated: April 10, 2003

JOHN W. DARRAH
United States District Judge

8